IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 1 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00035-BNB

LESLIE KITO HINDS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Leslie Kito Hinds, resides in Denver, Colorado. Plaintiff initiated this action on December 27, 2007, by filing a **pro se** Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Hinds is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Hinds will be ordered to file an Amended Complaint.

    In the Complaint, Mr. Hinds asserts that he was denied due process in his parole revocation hearing. Mr. Hinds further asserts that the results of the disciplinary hearing, which was the basis for his parole being revoked, was expunged. He further asserts that all actions resulting from the hearing, which appears to include the revocation of his parole, also were expunged. Plaintiff seeks money damages.

    The Court finds that Mr. Hinds is suing an improper party. Any claim he asserts against the State of Colorado is barred by the Eleventh Amendment. **See Will v.**

*Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Plaintiff must assert personal participation by properly named Defendants in the constitutional violations that he raises. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Hinds file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order.  It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hinds, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint.  It is

FURTHER ORDERED that Mr. Hinds submit sufficient copies of the Amended Complaint to serve each named Defendant.  It is

FURTHER ORDERED that if Mr. Hinds fails to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED March 21, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00035-BNB

Leslie Kito Hinds
1450 East 62nd Avenue
Denver, CO 80216

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _3/21/08_

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk